UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Anthony Cook, | ) | Civil Action No.: 8:16-cv-3327-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| The Judges Who Issue Order in | ) | |
| Case 16-1953; Patricia S. Connor; Judge | ) | |
| Ralph Anderson; Annie Doe; S.C.D.C | ) | |
| General Counsel; Judge Harwell; Judge | ) | |
| Rogers, III; Judge Cain; Judge Gossett; The | ) | |
| United States and other 192 Member States | ) | |
| of the U.N.; All States or Territories That | ) | |
| Allow Same-Sex Marriage; All Defendants | ) | |
| Referred to and Listed in Case | ) | |
| 0:16-CV-2939-TMC-TER, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Anthony Cook ("Plaintiff"), currently incarcerated at Lieber Correctional Institution ("Leiber"), and proceeding *pro se*, brought this action, which has been construed by the Magistrate Judge as having been brought pursuant to 42 U.S.C. § 1983, because Plaintiff alleges that Defendants have violated his constitutional rights. This matter is before the Court after issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Jacquelyn D. Austin, filed on December 15, 2016. [ECF #22]. This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e). In the R&R, the Magistrate Judge recommends summary dismissal of Plaintiff's Complaint. Plaintiff filed what has been construed as his objections to the R&R on January 17, 2017. [ECF #30]. Prior to the issuance of the R&R, Plaintiff also filed a

1

Renewed Motion for Recusal. [ECF #13]. Plaintiff has filed several documents entitled, "Affidavit of Facts Giving Judicial Notice", as well. This matter is now before the Court for review.

## Background

Plaintiff filed this action on October 6, 2016, along with two other individuals, Yahya Muquit and Lawrence L. Crawford. [ECF #1]. This voluminous Complaint appears, at best, to generally allege fraud and violations of due process against Plaintiff on the part of one or more Defendants. [ECF #1]. On October 6, 2016, the Court issued a Break-Out and Proper Form Order directing that this case be filed as separate actions for each named Plaintiff; accordingly, the only Plaintiff in this current lawsuit is Anthony Cook. Despite the Court's Order, Plaintiff has filed numerous documents purporting to be filed on behalf of all original Plaintiffs. As best this Court can deduce from the voluminous, at times unintelligible, and incoherent Complaint filed in this case, Plaintiff seeks to have a lawsuit wherein he sought habeas relief pursuant to § 2254, Civil Action Number 8:14-3555-RBH-JDA, be reinstated, or the decision in that case (summary judgment in favor of the Respondent) to be overturned. Plaintiff further seeks this Court to reinstate one or more other actions, including Civil Action Number 0:06-2459 (former Plaintiff Lawrence L. Crawford's case). Within his Complaint, Plaintiff appears to seek removal of the related state court cases, and an order disqualifying all judges in the United States District Court from hearing his case; instead, transferring this case and the above-cited related cases to New Jersey. Plaintiff also seeks relief in the form of an order directing that he be sent to federal pre-release camp. Generally, Plaintiff alleges fraud on the part of several judges in the District Court, including Judge Harwell and Judge Cain. He generally alleges his due process rights have been violated, and he seeks to challenge any law contrary to God's law that only heterosexuals have the right

to marry. The Magistrate Judge concluded Plaintiff was attempting to raise these same allegations but found no legal basis to provide any of the requested relief

On November 14, 2016, Plaintiff filed a "Renewed" Motion for Recusal. [ECF #13]. This Renewed Motion for Recusal alleges that Judge Austin and Judge Harwell must recuse themselves from this case based upon a prior mandamus filing, as well as other miscellaneous filings. [ECF #13]. Further, Plaintiff alleges there is an unspecified jurisdictional issue with Judge Austin issuing the order to break out the original Plaintiffs' cases. [ECF #13, p. 5]. Plaintiff further requests an injunction requiring the courts to provide him some unidentified copies of filings and to provide him a word processor to type his legal documents. [ECF #13, p. 5]. Finally, Plaintiff requests a stay on two cases until the conclusion of this case. [ECF #13, p. 6]. On December 15, 2016, Magistrate Judge Jacquelyn D. Austin issued her Report and Recommendation ("R&R") recommending that Plaintiff's complaint be summarily dismissed. [ECF #22]. Though voluminous in number of pages, the Magistrate Judge reviewed the filings and determined there was no arguable basis for any requested relief. Plaintiff filed his objections to this recommendation on January 17, 2017. This matter is now before the Court for review.

## Standards of Review

### I. Review of the Magistrate Judge's Report & Recommendation

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate

Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

**II. Review of Pro Se Litigant's Filing**

In determining whether a prisoner petition should be dismissed under § 1915(d), district courts should exercise discretion. *Brown v. Briscoe*, 998 F.2d 201, 203 (4th Cir. 1993). The district court should dismiss the case if it is satisfied that it is based on clearly baseless factual allegations or a indisputably meritless legal theory. *Id.* Pro se litigants, such as Plaintiff, are accorded liberal construction and held to a less stringent standard in review of their pleadings than formal pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Even so, pro se pleadings remain subject to summary dismissal, and district courts are not required to rewrite a petition or complaint to include claims that have not been presented or construct Plaintiff's legal arguments on his behalf. *See generally Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999); *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993).

4

**Discussion**

**I. Motion for Recusal**

The Magistrate Judge considered Plaintiff's "Renewed" Motion for Recusal filed November 14, 2016 [ECF #13] and determined that Plaintiff did not provide, nor could she ascertain any discernible basis upon which recusal or disqualification would be appropriate as to either herself or Judge Harwell. Instead, Plaintiff continues to allege in his numerous filings that several judges have worked some unspecified fraud upon the court. 28 U.S.C. § 455 governs when a justice, judge, or magistrate judge of the United Status must disqualify himself or herself in a proceeding. None of the stated grounds are present in this case, and Plaintiff does not otherwise allege or point to any appropriate ground for recusal. *See generally McBeth v. Nissan Motor Corp. U.S.A.*, 921 F. Supp. 1473, 1477 (D.S.C. April 12, 1996) (noting that the standard is "objective reasonableness" and is not to be construed with requiring recusal on spurious or loosely based charges of partiality). Accordingly, this Court agrees with the Magistrate Judge that the Motion for Recusal filed November 14, 2016 should be denied. [ECF #27].

**II. Review of Summary Dismissal**

This Court's independent review of Plaintiff's Complaint reveals that he appears to be dissatisfied with the outcome of a habeas petition action filed previously in this Court. Construing the filing as liberally as possible, Plaintiff seeks reinstatement or consolidation of several cases, recusal of several judges on a case, and transfer of this case to a different court. Plaintiff further requests to be sent to a pre-release camp, makes generalized allegations about whether homosexuals have the right to marry, and alleges unspecified fraudulent acts on the part of several judges, who he argues have violated his due process rights. [ECF #1]. Plaintiff generally alleges collusion amongst several federal and state

court judges. The Magistrate Judge recommends summary dismissal of Plaintiff's Complaint because Plaintiff provides no arguable legal basis to support a determination that he raises any legitimate causes of action. [ECF #22, p. 5].

On January 17, 2017, Plaintiff filed objections to the Magistrate Judge's R&R. [ECF #30]. Within his objections, Plaintiff objects to the Magistrate Judge recommending that service not issue in this case because it denies him "equal protection," he objects to any claim this Court does not have jurisdiction over, and he objects to "sua sponte" dismissal as improper. Plaintiff also attaches to his objections a document he has styled as a habeas petition, wherein he objects to the "machination, fraud, misrepresentation" in producing orders in this case and other related cases, he objects to the failure of Judge Austin to recuse herself, and he objects to the suppression of a SLED investigation, which appears to be related to a previous action. [ECF #30]. He further objects to the R&R's direction to the clerk of court that filings in this case should only be signed or on behalf of Plaintiff as a void order. This Court has thoroughly reviewed the numerous pages filed by Plaintiff after the issuance of the R&R and have considered the discernible arguments in Plaintiff's objections to the R&R. The objections filed by Plaintiff, are at best, generalized responses that mimic what he previously included in his Complaint. In the absence of specific objections, this Court is only required to review the R&R for clear error. Even so, this Court conducted a de novo review of the Magistrate Judge's recommendation and considered all pleadings filed by Plaintiff.

Under 28 U.S.C. § 1915, a district court may summarily dismiss an action that "fails to state a claim on which relief may be granted, " is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." This Court agrees with the Magistrate Judge that Plaintiff fails to state a claim on which relief may be granted. Accordingly, this Court adopts the Report and

Recommendation prepared by the Magistrate Judge. This Court also agrees with the Magistrate Judge that pursuant the Prison Litigation Reform Act, this action is frivolous; thus, it shall be deemed a strike pursuant to the Prison Litigation Reform Act's three-strike provision. *See* 28 U.S.C. § 1915(g); *see also Blakely v. Wards*, 738 F.3d 607 (4th Cir. 2013).[1] Plaintiff does not otherwise provide specific objections to any portion of the Magistrate Judge's R&R. Upon review, this Court does not find any clear error in the remaining portions of the R&R not previously considered or discussed in this Order, specifically the Magistrate Judge's recommendation that pursuant to FED R. CIV. P. 41(b), Plaintiff's failure to comply with the Order filed October 6, 2016 informing the original Plaintiffs that they each needed to proceed individually with different case numbers, should subject him to dismissal of his case.

## Conclusion

The Court has thoroughly reviewed the entire record, including Plaintiff's Complaint [ECF #1], the Magistrate Judge's Report and Recommendation [ECF #22], Plaintiff's Objection to the Report and Recommendation [ECF #30], and the applicable law. This Court has also considered Plaintiff's Motion for Recusal. [ECF #13]. For the reasons stated above, Plaintiff's Motion for Recusal [ECF #13] is **DENIED**. Further, for the reasons stated above and by the Magistrate Judge, the Court overrules Plaintiff's objections and adopts and incorporates the Report and Recommendation of the Magistrate Judge. [ECF #22]. **IT IS THEREFORE ORDERED** that this case is **DISMISSED**. **IT IS FURTHER ORDERED** that this action shall be **DEEMED A STRIKE** pursuant to 28 U.S.C. §1915(g) for meeting the definition of a frivolous filing.

---

[1] Plaintiff generally objects to the Magistrate Judge recommending a strike in this case and cites to what he claims are the two requirements for issuing a strike: (1) if a defendant is immune from suit; and (2) where there is a claimed infringement of a legal interest that clearly does not exist. [ECF #30, pp. 76-80]. This Court does not find this objection to be meritorious.

**IT IS SO ORDERED**.

Florence, South Carolina  s/ R. Bryan Harwell
June 30, 2017  R. Bryan Harwell
United States District Judge